Garrick S. Lew SBN 61889
Design Center East
600 Townsend Street, Suite 329E
San Francisco, CA 94103
(415) 575-3588
(415) 522-1506 [fax]
gsl@defendergroup.com

Counsel for Defendant Jose Luis Perez

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR 09-1207 SBA |
|---|---|---|
| Plaintiff, | ) | **STIPULATION TO CONTINUE STATUS CONFERENCE and** |
| vs. | ) | **[Proposed] ORDER** |
| FELIPE AGUILERA, EMILIO LOPEZ GARCIA, JOSE LUIS PEREZ, and FRANCISCO VARGAS, | ) | |
| Defendants. | ) | |

     Defendant Jose Luis Perez was scheduled to appear in the above-captioned matter for change of plea on April 27, 2011, at 3:00 p.m. When the parties sought a continuance, the court provided the parties with a dates for special session on May 25, 2011 at 10:00 a.m.  On April 27, 2011, the parties e-filed a stipulation accordingly and appeared in court on that date and time, then learned that the stipulation had not been signed and the case was not on the calendar.

     Defendant Perez is charged in a five-count indictment alleging conspiracy to possess with intent to distribute cocaine and methamphetamine, and possession of methamphetamine with intent to distribute.  If convicted defendant is facing a ten year mandatory minimum sentence and applicable United States Sentencing Guideline is level 38.

     Counsel has spent considerable time and effort meeting with defendant to review all

1  evidence in the case but due to the nature of the materials involved had not provided copies of

2  the case discovery, translated transcripts and confidential attorney-work product materials with

3  defendant due to concerns that the materials would not be secure and dissemination of the

4  information contained therein could cause housing or security problems to defendant.

5        On April 26, 2011 counsel met with defendant to prepare for the April 27, 20011 change

6  of plea hearing at which time defendant demanded that counsel provide hard copies of all

7  relevant case materials for defendant to personally review before defendant will execute the

8  proposed plea agreement.  At this time all other co-defendants have been sentenced and are no

9  longer housed in the same facility as defendant.

10        Counsel prepared the materials defendant requested which consisted of over 500 pages of

11  written materials, transcripts and audio recordings.   Counsel immediately contacted AUSA

12  Deborah Douglas and the court to explain the problem and defendant's request for additional

13  time to prepare for his contemplated change of plea.  The requested continuance would allow

14  time for defendant Perez to complete his personal review of all case discovery, use the translated

15  transcripts with the audio recorded evidence on an MP3 player to clarify any remaining factual

16  and legal questions he may have with counsel.

17        The parties stipulated and agreed that the time from April 27, 2011 to May 25, 2011,

18  would be excluded in accordance with the provisions of the Speedy Trial Act, 18 U.S.C. §§

19  3161(h)(7)(A) on the basis that the ends of justice are served by taking such action which

20  outweighed the best interest of the public and the defendant in a speedy trial and also

21  under subsection (B)(iv) for continuity of counsel and for effective preparation of counsel, taking

22  into account the exercise of due diligence.

23        Counsel for defendant confirmed the date of May 25, 2011 for Status Conference with

24  the court, prepared the Stipulation and [Proposed] Order and e-filed the same with a courtesy

25  copy to judge's chambers on April 27, 2011.

26        Counsel for defendant continued to meet with defendant on multiple occasions to confer

1  and advise defendant regarding the preparation of his case and on Sunday May 22, 2011,

2  defendant informed counsel that he was not prepared to move forward with his case, that he no

3  longer trusted counsel's advice and instructed counsel to file a motion to withdraw and continue

4  the matter until new counsel could be appointed to represent him.  Counsel informed the

5  government of the breakdown of the attorney-client relationship and that defendant would be

6  seeking a continuance and appointment of new counsel on May 24, 2011.

7      The parties appeared on May 25, 2011 for Status Conference\Change of Plea only to be

8  informed by the court clerk that the matter was not on calendar, through no fault of the parties,

9  and that the court requested the matter be set for June 1, 2011.

10     The parties stipulate that there is good cause for the court to exclude time from April 27,

11 2011 through June 1, 2011 in accordance with the provisions of the Speedy Trial Act, 18 U.S.C.

12 §§ 3161(h)(7)(A) by the court on it's own motion on the basis of the parties April 27, 2011

13 previously submitted stipulation and on the now pending request of the defendant that substitute

14 counsel be appointed due to an irreconcilable breakdown in the attorney-client relationship

15 finding that the ends of justice are served by taking such action which outweigh the best interest

16 of the public and the defendant in a speedy trial and further finds that under subsection (B)(iv)

17 that such a continuance is required for continuity of counsel and for effective preparation, taking

18 into consideration the exercise of due diligence.

19

20 DATED: May 25, 2011                   /s/
                                                    DEBORAH R. DOUGLAS
21                                          Assistant United States Attorney

22

23

24 DATED: May 25, 2011                   /s/
                                                     GARRICK LEW
25                                          Counsel for Defendant PEREZ

26

### ORDER

GOOD CAUSE APPEARING, and pursuant to the stipulation of the government and defendant Jose Luis Perez,

IT IS HEREBY ORDERED that this matter is RESET to June 1, 2011 at 10:00 a.m. for a status hearing.

IT IS FURTHER ORDERED that the time from May 25, 2011 to June 1, 2011, shall be excluded in accordance with the provisions of the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv) for adequate preparation of counsel and continuity of counsel.  The Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy and public trial and the failure to grant the requested continuance would unreasonably deny continuity of counsel and reasonable time necessary for effective preparation.

SO ORDERED.

DATED: May 25, 2011

SAUNDRA BROWN ARMSTRONG
United States District Judge